Williams, C. J.
The defendants in error commenced an action in the common pleas court to enforce an assessment against the real estate of plaintiff in error, for the improvement of Friend street, in the city of Columbus, by grading and bouldering.
*91 The defendant below demurred to the petition of the plaintiff below, and the demurrer was overruled which was excepted to.
An answer was filed which denies each and every allegation of the petition.
The case was tried to the court, and a decree rendered in favor of plaintiff. No bill of exceptions was taken.
The only questions presented by the petition in error relate to the sufficiency of the plaintiff’s petition.
That petition states that the city of Columbus is a city of the first grade of second class, and that defendant owns certain real estate therein described, situate in said city, and abutting on the proposed improvement, and alleges in substance :
1. That the city council, on the 30th of January, 1882, duly passed and published a resolution declaring the necessity of the improvement.
2. That on the 6th of February, 1882, the civil engineer duly reported to said city council a detailed estimate of the costs and expenses, etc.
3. That on the 23rd of February, 1882, written notice of the adoption of the resolution was duly served on the property holders.
4. That on the 27th of March, 1882, the city council duly passed, adopted, and thereafter caused to be duly published an ordinance, to provide for the construction of said improvement, and providing that the expense should be assessed on the abutting property according to the front feet.
5. That afterward, on the 22d of May, 1882, the council* duly advertised for sealed proposals for the construction of said improvement; and that said publication was made in accordance with the statute in such case made and provided.
6. That the Columbus Paving Co. duly and regularly filed its sealed proposals, and such' proceedings were thereunder regularly and properly had, that the contract for the construction of the improvement was entered into, under which the work was properly done and completed, and the expense, by ordinance duly passed and published, assessed on the abutting property, of which defendant’s is part. Said assessments *92 were transferred to the company. That defendant failed and refused to pay on demand. That the amount is due the company, which sues in the name of the city to enforce the lien, etc.
Three questions are made on this petition:
1. That no power is conferred on the city by sections 2262-3-4, revised statutes, to make such improvement and assess the expense on the abutting property.
2. That the city council had no power to make such improvement, except on petition of two-thirds of the owners of the abutting property, and
3. That the averments of fact in the petition do not show that notice was given to the property holders of the passage of the resolution, as required.by section 2305.
I. The first is no longer an open, question.
Section 2262 specifies certain improvements, the costs of which may be assessed upon all the taxable property of the municipal corporation.
Sections 2263 and 2264 provide that when the corporation appropriates or acquires real estate to lay off, open, etc., streets, etc., or is possessed of property which it "desires to so improve, the council may assess the costs, etc., of such acquisition, and of the improvement, or either, or any part of either, upon the general tax list, or on the abutting property, according to the benefits, or by the front feet.
These sections are somewhat uncertain, but .seem to confer power to improve streets, etc., generally. It is true, they do not in terms confer power to improve by grading andbouldering. Unless, however, the city has power so to improve, it has no power to improve in any way. Such power has been exercised, and upheld by the courts, and generally acted upon in municipal corporations.
In the case of Lima v. Cemetery Association, 42 O. S., (Bul. July 21, 1884), the supreme court recognize the general principle claimed by counsel for plaintiff in error, viz., “ that a municipal corporation insisting on the right to impose an assessment should be able to show that such power, has been clearly given to it by statute; ” in the same case, that court sustained an assessment, made by the city of Lima, on abut *93 ting property for the improvement of an alley by “ grading and paving.” In that case the court say: “ The authority to levy the assessment is clearly granted in general terms by section 2264, revised statutes.”
If that section confers power to improve an alley, it does a street; if it confers power to improve by grading and paving, it does by grading and bouldering.
The one power is no more conferred by the statute than the other.
II. As to the necessity of a petition of two-thirds of the property holders in order to make the improvement: Section 2267 provides that no public improvement, the cost of which is in whole or part to be assessed on the adjacent property, etc., shall be made without the concurrence of two-thirds of the members elected to the council, unless two-thirds of the abutting property holders petition in writing therefor.
This section plainly provides two modes, either of which may be pursued : 1. By a petition of two-thirds of the abutting property owners; in which case two-thirds of the council need not concur; or, 2nd, upon the concurrence of two-thirds of the council — in which event no petition of the property holders is necessary. In this case the plaintiff claims the council pursued the latter mode.
Sections 2304 and 2305 provide specifically for the proceedings in each of these two classes of cases.
If the latter mode prescribed by the statute has been followed according to its terms, then the assessment is valid ,• and this brings us to the only remaining question, viz.:
III. Do the averments of the petition show such compliance with the statute ? It is claimed by the plaintiff in error that they do not in this, that they do not show that notice was given to the property owners.
■The petition does not set out in detail the various steps in the proceeding. It avers in general terms as before shown:
1. That the city council duly passed and published the resolution and ordinance, and that written notice thereof was caused by the city to be duly served, etc.
The question made here is, that this is not a sufficient averment of fact, but a conclusion of law merely.
*94 “ When the question is not one of power, but of the manner of its exercise, the presumption is in favor of the officer having performed his duty in a legal and sufficient manner.” Reynolds v. Schweinefus, 27 O. S., 311-820, 1.
In The Trustees v. Odlin, 8 O. S., 293, the petition averred “ that in pursuance of said written lease, and according to the statute in such case made and provided, the leased lands were duly and legally re-valued,” etc.
The answer denied that the appraisement was “ duly and legally made,” etc., without specifying wherein the defect was.
It was insisted in that case that this made no issue of fact.
The court say, p. 298: “ There may be mere abstract propositions or conclusions of law which contain no fact whatever. It is enough, however, for the present case, to say that the deduction or conclusion of law in the pleading, construed as ordinary language, does in an indefinite manner, which the other party did not object to (by motion), put in issue the fact whether there was any valid appraisement made.” This mode of pleading in such cases seems to be recognized in the case of Reynolds v. Schweinefus, 27 O. S., 311. Indeed, to require the plaintiff to set out in detail all the various steps, would make a voluminous pleading to no good end. If the defendant relies on any defect as a defense, it should be set up in the answer.
Following the ruling and reasoning of the court in the 8 O. S. case, we think the court below committed no error in holding in this case, where no motion was made to make the petition more definite, that upon general demurrer the averments of the plaintiff’s petition that the resolution and ordinance were duly passed and published, embody by implication all the necesssary facts to make a valid passage and publication of the resolution and ordinance, and that the averment that notice was duly 'given to the property holders, is in the same way a sufficient averment that a valid notice was served in the time and manner required by law upon the defendant. '
It follows that the judgment must be affirmed, with costs.